IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROY L. JAMES AND ETHEL JAMES**                  **PLAINTIFFS**

**v.**                  **CIVIL ACTION NO.: 4:20-cv-124-DMB-JMV**

**ENOCH AILES, JR., et al.**                  **DEFENDANTS**

### ORDER DENYING IN PART MOTION TO LIFT STAY TO ALLOW JURISDICTIONAL DISCOVERY

By their motion [35] filed October 23, 2020, Plaintiffs seek an order lifting the stay entered in this case to allow jurisdictional discovery and the exchange of initial disclosures. Plaintiffs also request that "B. H. Wellington, Inc., a nongovernmental corporate party, . . . be ordered to file their [sic] Corporate Disclosure Statement as required by Federal Rule of Civil Procedure 7.1."

This Court, pursuant to L. U. Civ. R. 16(b)(3)(B), entered an Order Staying Certain Proceedings [28] on September 28, 2020, including but not limited to all discovery, pending a ruling on the jurisdictional defenses asserted in Defendants' Motions to Dismiss [24 and 26] and further ordered that any party desiring jurisdictional discovery may file a motion within ten (10) business days of the date of that Order. By Text Order entered on October 7, 2020, the undersigned granted Plaintiffs' motion for an extension of time until October 23, 2020, to file a motion for jurisdictional discovery. Plaintiffs timely filed the instant motion for jurisdictional discovery. Nevertheless, largely for the reasons asserted in the government's response, the undersigned is of the opinion the motion should be denied in all but one respect.

First, Plaintiffs request 90 days to conduct written discovery and "several depositions" in order to meet the jurisdictional defense asserted in one of the government's motions to dismiss, namely the independent contractor exception to governmental waiver of sovereign immunity

under the FTCA.[1] Plaintiffs, however, specify no facts they need to discover which they contend are crucial to the Court's determination of whether it has jurisdiction over the subject claims. Indeed, Plaintiffs devote much of their effort toward arguing that existing facts establish the exception does not apply. "The party seeking discovery bears the burden of showing its necessity." *Freeman v. U.S.*, 556 F.3d 326, 341 (5th Cir. 2009) (cleaned up). "Generally, 'a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand' a motion to dismiss." *Guajardo v. State Bar of Texas,* 803 F. App'x 750, 756 (5th Cir. 2020) (citation omitted). "This is particularly true where the party seeking discovery is attempting to disprove the applicability of an immunity-derived bar to suit because immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery." *Freeman,* 556 F.3d at 342 (citations omitted). In view of the immunity defense asserted by the government in this case, Plaintiffs have failed to show they are entitled to any discovery. Therefore, their request for jurisdictional discovery is DENIED. Plaintiffs may renew this aspect of their motion on or before December 28, 2020, however, by filing a motion that specifies the facts they contend are crucial to meet Defendants' motion to dismiss and the discovery requests they intend to serve and that provides an explanation as to how the requested information is relevant to the Court's determination of the jurisdictional issue.

Next, Plaintiffs cite no authority to support the additional request to order the exchange of initial disclosures. Indeed, until the Court determines whether Defendants are immune from suit, they should not be subjected to any aspect of merits discovery.

---

[1] To the extent Plaintiffs contend they are also entitled to discovery with respect to the discretionary function exception issue raised in Defendants' motion to dismiss, they have, likewise, failed to show they are entitled to jurisdictional discovery.

Finally, as relates to the request to order B.H. Wellington, Inc., to file a corporate disclosure statement, the Court notes Defendant B.H. Wellington, Inc., did not file a response to Plaintiffs' motion. Accordingly, the instant motion in this respect alone is granted as unopposed, and Defendant B.H. Wellington, Inc., is directed to file a corporate disclosure statement within three (3) business days of this date.

SO ORDERED this 14th day of December, 2020.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE