IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROY L. JAMES AND ETHEL JAMES**                                                              **PLAINTIFFS**

**v.**                                                  **CIVIL ACTION NO.: 4:20-cv-124-DMB-JMV**

**ENOCH AILES, JR., et al.**                                                             **DEFENDANTS**

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION REURGING JURISDICTIONAL DISCOVERY

This matter is before the court following a hearing on the record on January 12, 2021, on plaintiffs' motion to reconsider this court's prior order on their request for jurisdictional discovery of the United States ("Government"). For the reasons articulated in the court's original order, the defendant's response to both the original motion for discovery and the re-urged motion, and further articulated by the court during the hearing, the court finds that with the exceptions noted below, the proposed discovery, including general reference to "depositions," is not narrowly tailored to reveal materially relevant information necessary to resolve the pending motion to dismiss on grounds of immunity. *See Freeman v. U.S.*, 556 F.3d 326, 341-42 (5th Cir. 2009) (Generally, "a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a . . . [motion to dismiss] . . . . This is particularly true where the party seeking discovery is attempting to disprove the applicability of an immunity-derived bar to suit because immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery."). Accordingly, the motion is denied, except that the following proposed discovery requests (some as modified) are permitted, and the

Government is required to respond to them—in accord with its rights/obligations under the Federal Rules of Civil Procedure—within 15 days of the date of this order:[1]

1. **Permitted Discovery**

   Interrogatories

   4. Who was the employer of the Enoch Ailes, Jr., on the date of and at the moment of the crash?

   11. (as modified). Who determined what route, the miles, and/or the hours Enoch Ailes, Jr., drove on the day of the crash?

   15. Does the United States Postal Service have to approve drivers hired by Enoch Ailes, Jr., to drive the postal service routes?

   Requests for Production

   7. (as modified). Produce a copy of all guidelines, manual, policies, handbooks, and other documents and things that the USPS applies to the defendant(s) with whom it is contracted in this case.

   Requests for Admission

   5. Admit that the driver/Enoch Ailes, Jr., is not allowed to determine the route he takes to deliver, haul and pick-up the mail.

   6. Admit that the USPS provides strict guidelines for how the driver is supposed to dress while hauling mail.

   8. (as modified) Admit that Enoch Ailes, Jr., was screened by the USPS for eligibility to drive.

   9. (as modified) Admit that if the defendant contractor hires a new employee to be a driver, the driver will also be screened by the USPS for eligibility to drive.

2. **Discovery Not Permitted**

   The following proposed discovery requests are not narrowly tailored to or are irrelevant as to the issues raised in the jurisdictional motion to dismiss, i.e., independent contractor status versus

---

[1] The Government may request additional time, as warranted, for good cause.

employee status[2] and discretionary versus ministerial function,[3] or are redundant of permitted discovery and the pre-existing disclosure of the contract for services between USPS and the defendant contractor:

Interrogatories

      1. Please identify the date, time, method, by whom and to whom the crash was reported to the USPS?

      2. Please state the names and last known residence addresses of the defendants who saw the crash complained of in Plaintiffs' complaint?

      3. Do you have in your possession, power, or control photographs showing the damage to the vehicle immediately following the crash? If you have such photographs where, when [hour and date], and by whom were said photographs taken.

      5. In what areas (counties) were Enoch Ailes, Jr., working on the date of the crash?

      6. At what time would Enoch Ailes, Jr., route terminate on the date of the crash?

      7. How much does Enoch Ailes, Jr., get paid per year?

      8. On what basis did Enoch Ailes, Jr., get paid per year?

      9. Please state the total number of hours Enoch Ailes, Jr., drove on the day of the crash.

---

[2] "The 'critical factor' in distinguishing an independent contractor from an employee is the power of the federal government 'to control the detailed physical performance of the contractor.'" *Smith v. United States*, No. 198CV249-SD, 1999 WL 33537153, at *1 (N.D. Miss. May 18, 1999), aff'd, 245 F.3d 790 (5th Cir. 2000). Other factors the court considers are:

> (1) whether the work requires a person who is highly educated or skilled; (2) whether the work is typically performed by an employee in the locale or by an independent contractor; (3) whether the employer supplies the tools, instrumentalities, or place of work; (4) whether the employment is for a considerable period of time with regular hours; (5) whether payment is by the hour or month; (6) whether the work is full-time employment by one employer; (7) whether the work is part of the employer's regular business; and (8) whether the parties believe they have created an employment relationship.

*Id.* at *1-2.

[3] The discretionary function exception bars suits if two conditions are met: "(1) the acts alleged to be negligent must be discretionary, in that they involve an element of judgment or choice and are not compelled by statute or regulation and (2) the judgment or choice in question must be grounded in considerations of public policy or susceptible to policy analysis." *Molchatsky v. United States*, 713 F.3d 159, 162 (2d Cir. 2013) (per curiam) (internal quotation marks omitted).

10. Please state the total number miles did [sic] Enoch Ailes, Jr., drive on the day of the crash.

12. Who determines what happens if Enoch Ailes, Jr., drives more miles than what he is scheduled to drive? What would happen?

13. Who determines what happens if Enoch Ailes drives more hours these he is scheduled to drive? What would happen?

14. Who determines what happens if Enoch Ailes drives a different route than he is scheduled to drive? What would happen?

16. Was knowledge of and adherence to the Highway Contractor Safety Handbook P0-515 a requirement of the USPS that applied to Enoch Ailes, Jr.?

17. Does the United States Postal Service require all leased and contracted vehicles to follow the Highway Contractor Safety Handbook P0-515? If so, was Enoch Ailes, Jr., a part of this network.

18. Does the United States Postal Service operate one of the largest transportation networks in the world?

19. Do the guidelines in the Highway Contractor Safety Handbook P0-515 apply to all leased and contracted vehicles engaged in Postal Service business?

20. What is the purpose of the Highway Contractor Safety Handbook P0-515?

Requests for Production

1. Produce Defendants Enoch Ailes Jr., Gwendolyn Ailes and/or B. H. Wellington, Inc., written proof of combined single limited of $750,000.00 insurance coverage submitted to USPS for the year 2015, 2016, 2017, 2018 and 2019.

2. Produce Defendants Enoch Ailes Jr., Gwendolyn Ailes and/or B.H. Wellington, Inc., written verified proof of proper equipment certification submitted to USPS for the year 2015, 2016, 2017, 2018 and 2019.

3. Produce a copy of any and all communication, including but not limited to video, audio, e-mails, text messages and otherwise, between Enoch Ailes Jr., Gwendolyn Ailes and/or B.H. Wellington, Inc., and the USPS, 72 hours immediately prior to the crash that is the subject of this lawsuit.

4. Produce a copy of any and all communication including, but not limited to video, audio, e-mails, text messages and otherwise, between Enoch Ailes Jr., Gwendolyn Ailes and/or B.H. Wellington, Inc., and the USPS, 72 hours immediately after the crash that is the subject of this lawsuit.

5. Produce a copy the Highway Contractor Safety Handbook P0-515 utilized by the USPS on the day of the crash.

6. Produce a copy of all guidelines, manual, policies, handbooks, and other documents and things that the USPS provides to contractors.

8. Produce a copy of all guidelines, manual, policies, handbooks, and other documents and things that the USPS provides to employees.

9. Produce a copy of all guidelines, manual, policies, handbooks, and other documents and things that the USPS uses to screen drivers.

10. Produce a copy of all guidelines, manual, policies, handbooks, and other documents and things that the USPS provides to contractors and employees.

11. Produce a copy of all guidelines, manual, policies, handbooks, and other documents and things that the USPS applies to contractors.

12. Produce a copy of all guidelines, manual, policies, handbooks, and other documents and things that the USPS applies to employees.

Requests for Admission

1. Admit that according to the Highway Contractor Safety Handbook P0-515, Section 143 "Field", 143.1 Administrative Officials, Administrative officials (AOs) implement and monitor the day-to-day actions required by these and other safety guidelines.

2. Admit that "41 General" 42 Civil Laws say "you must obey all state and local traffic laws when driving any postal service vehicle.

3. Admit that "41 General" 42 Civil Laws which say "you must obey all state and local traffic laws when driving any postal service vehicle" applies to contract individuals as well as employees/agents.

4. Admit that "41 General" 42 Civil Laws which say "you must obey all state and local traffic laws when driving any postal service vehicle" is generally saying that contact individuals as well as employees are driving a vehicle on behalf of the postal service.

7. Admit contractors must ensure that their vehicles meet minimum safety requirements and that they and their employees operate vehicles in a safe manner as specified by these and other safety guidelines including the Federal Motor Carrier Safety Regulation.

8. Admit that all drivers are screened by the USPS for eligibility to drive.

9. Admit that if a contractor hires a new employee to be a driver the driver will also be screened by the USPS for eligibility to drive.

10. Admit that if Plaintiff hires a new employee to be a driver and the driver is found to be ineligible to drive by the USPS during its driver screening process, the driver will not be allowed to drive under the United States Postal Service Contract.

11. Admit that Safety does not begin at the tailgate of a truck; it begins on the dock, and employees and contractors must adhere to all USPS safety guidelines at all times.

12. Admit that the USPS has guidelines, policies, manuals, procedures that are applied equally to both employees and independent contractors.

13. Admit that the USPS has terminated contacts with drivers who failed to have the $750,000.00 combined single limit insurance coverage as required by their contract with the USPS.

14. Admit that the USPS has terminated at least 3 contracts with drivers who failed to have the $750,000.00 combined single limit insurance coverage as required by their contract with the USPS.

15. Admit that Donna Parks actions and failures to act or omissions were not discretionary functions her duties were contractual requirements, contractual directives per the Contract Route Service Order Number 38760.

16. Admit that Keith L. Harris actions and failures to act or omissions were not discretionary functions her duties were contractual requirements, contractual directives per the Contract Route Service Order Number 38760.

17. Admit that Plaintiffs never filed a breach of contract claim against the Defendants.

SO ORDERED this 15th day of January, 2021.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE